UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **MICHAEL PICKETT**, an individual, and on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**ACCUTEK PACKAGING EQUIPMENT COMPANY**, a California corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-736<br><br>Judge:<br><br>Mag. Judge: |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, **MICHAEL PICKETT** ("PICKETT" or "Plaintiff"), on behalf of himself and all other similarly situated individuals, by and through undersigned counsel, states the following for his Collective Action Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") for (1) violation of the FLSA - unpaid wages and overtime. Each count under the FLSA is brought by Plaintiff individually and on behalf of similarly situated plaintiffs. The Plaintiff also brings a count under Florida law for unpaid wages.

## PARTIES

2. Plaintiff is an individual and a resident of Florida who currently resides in Collier County, Florida and at all times had enterprise and individual

1

coverage under the FLSA during his employment with **ACCUTEK PACKAGING EQUIPMENT COMPANY** ("ACCUTEK" or "Defendant"). At all material times, Plaintiff has been employed by the Defendant, a California corporation (not registered as an active company with the Florida Secretary of State), as a regional sales manager. Plaintiff performed work for the Defendant in Lee and Collier counties, Florida, which are within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. Plaintiff consents to bring suit against Defendant under the FLSA. While performing services for the Defendant, Plaintiff was engaged in interstate commerce, including handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce. While performing services for the Defendant, Plaintiff received and handled goods or materials from out-of-state sources.

3. Defendant is a California corporation and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant has the sole authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. Defendant supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiff. Defendant maintains employment records of the Plaintiff and was his employer. Defendant has annual gross revenues in excess of $500,000.00 per year and during all years in which the Plaintiff was performing services for the Defendant. Defendant's employees are engaged in interstate

2

commerce as at least two of the Defendant's employees handled, sold, otherwise worked on goods or materials that have been moved in or produced for commerce. Plaintiff was engaged in interstate commerce because Plaintiff (and at least two employees of the Defendant) handled goods that were moving in interstate commerce, handled and processed credit card and banking transactions and unloaded goods which came from an out of state supplier.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. An opt-in Collective Action is sought under FLSA §216(h). This Court has supplemental jurisdiction over the state law claims alleged herein under 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee and Collier counties, Florida, which are within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Lee and Collier counties, which are within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. Plaintiff began his employment on or about April 19, 2021. Plaintiff has thus worked for the Defendant within the last four years but has been deprived

of lawful compensation during at least the two years prior to the filing of this action.

7. Throughout his employment, the Plaintiff was entitled to overtime compensation because the Defendant misclassified the Plaintiff as FLSA-exempt when in actuality he was non-exempt since the Defendant did not satisfy the salary basis test, as explained in more detail herein.

8. As a result, the Plaintiff brings this action against the Defendant for legal relief to redress unlawful violations of his rights under the FLSA and specifically the collective action provision of the FLSA found in 216(b), to remedy violations of the wage provisions of the FLSA by the Defendant, which have deprived Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful wages. Plaintiff brings this action against the Defendant for legal relief to redress unlawful violations of his rights under the FLSA by the Defendant, which has deprived Plaintiff, as well as others similarly situated to Plaintiff, of his lawful wages.

9. Other current and former employees of the Defendant are also entitled to receive unpaid wage compensation for the reasons alleged in this Complaint. Plaintiff is permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. 216(b). Any similarly situated employee (current or former) wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party, and such consent must be filed with this Court." 29 U.S.C. 216(b).

10. By filing this action, Plaintiff consents to sue with respect to each FLSA claim for relief against Defendant pursuant to 216(b) of the FLSA and hereby seeks relief under that provision. Dozens of other similarly situated, non-exempt employees may elect to join this collective action if given proper notice of the pendency of the action and an opportunity to participate by "opting-in." "Consents to Sue" on behalf of additional potential opt-in plaintiffs of the Collective Action will continue to be filed as this litigation progresses.

11. Plaintiff is distinguishable from other non-similarly situated employees of the Defendant because Plaintiff and the potential opt-in plaintiffs are employees the Defendant has misclassified as exempt but who were not paid a true salary and are thus non-exempt, hourly employees who worked overtime but did not receive compensation for those hours from the Defendant.

12. This action is brought to recover unpaid overtime compensation owed to Plaintiff and all current and former employees of Defendant who are similarly situated to Plaintiff. Plaintiff and the collective group similarly situated are or have been employed by the Defendant and are required to perform certain work functions for which they are not compensated. Plaintiff and the collective group of similarly situated individuals includes all employees classified as FLSA-exempt who were not paid a true salary and who are thus non-exempt, hourly employees who worked overtime but did not receive compensation for those hours from the Defendant.

13. Plaintiff and those similarly situated are or were FLSA-exempt who were not paid a true salary and who are thus non-exempt, hourly employees who

worked overtime but did not receive compensation for those hours from the Defendant. Plaintiff alleges on behalf of himself and all similarly-situated persons, that the Defendant has willfully engaged in a pattern and practice of unlawful conduct by failing to pay proper overtime to those employees, including Plaintiff and potential opt-in plaintiffs, by virtue of failing to pay overtime for the hours above 40 that they worked each week.

14. At all relevant times, the Defendant has failed to properly pay the Plaintiff and similarly situated persons because while the Defendant purports to pay a salary to the employees it has classified as FLSA-exempt, it instead pays them an hourly wage because it deducts hours from their paychecks when they worked fewer than 40-hours in a week. For example, when Plaintiff would work part of a day but be absent due to, for example, a doctor's appointment, the Defendant would not pay his salary for that day but instead would reduce his pay by the number of hours he was absent from work. This practice applies to Defendant's operations in Florida and nationwide. Consequently, the Defendant does not truly pay a true salary within the meaning of the FLSA to the Plaintiff and its employees classified as FLSA-exempt and those employees are thus entitled to overtime wages. Plaintiff and those similarly situated would regularly work in excess of 40-hours per week without any overtime compensation. Even when the Plaintiff would work 45-hours in a week but would be absent for 4-hours during the week, the Defendant applied its practice of reducing his pay by the 4-hours he missed from work, in violation of the FLSA.

15. The Defendant's practices alleged above are consistent throughout the Defendant's operations in the United States. To the extent that such work is performed during a work week in which the affected employees have, or would have, worked in excess of forty (40) hours per week, such practice violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times the employees' regular rate, which is to include commissions paid.

**COUNT I: COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

16. Plaintiff hereby incorporates Paragraphs 1-15 in this Count as though fully set forth herein and brings this Count on behalf of himself and all others similarly situated.

17. This claim for relief based on FLSA violations is brought by the Plaintiff in his own right and as a collective action under 29 U.S.C. § 216 (b) for claims under the FLSA asserted on behalf of all other similarly situated persons, to wit: all FLSA-exempt employees who were not paid a true salary and who are thus non-exempt, hourly employees who worked overtime but did not receive compensation for those hours from the Defendant during the applicable time limitations period ("FLSA Collective Action").

18. This action is maintainable as a collective action under 29 U.S.C. § 216 (b) because Plaintiff and similarly situated persons were, and are, FLSA-exempt employees who were not paid a true salary and who are thus non-exempt, hourly employees who worked overtime but did not receive compensation for those

hours from the Defendant, all of whom were subject to common policies, practices and/or edicts of the Defendant, as specified above.

19. Defendant's policies identified above applied (and apply) uniformly, across all of its operations throughout the State of Florida and across the United States.

20. Defendant knew or should have known that all FLSA-exempt employees who were not paid a true salary are thus non-exempt, hourly employees who were due compensation at time and a half for all overtime hours they worked.

21. The Defendant knew or should have known that failing to pay overtime wages to non-exempt employees is a violation of the FLSA.

22. Plaintiff and potential opt-in plaintiffs bring this action against the Defendant because the Defendant has willfully engaged in a pattern and practice of this unlawful conduct in violation of the FLSA. The Defendant's unlawful conduct has been repeated and is consistent.

23. The conduct of the Defendant, set forth above, has been willful, in bad faith, and has caused significant damages to Plaintiff and potential opt-in plaintiffs.

24. The Defendant also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA, (b) Department of Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

25. Plaintiff consents to sue in this action pursuant to 216(b) of the FLSA. Additional potential opt-in plaintiffs may execute and file forms consenting to "opt in" and joining as plaintiffs in this collective action.

26. Plaintiff and potential opt-in plaintiffs bring a Claim for Relief for violation of the FLSA as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b), on behalf of all FLSA-exempt employees who were not paid a true salary and who are thus non-exempt, hourly employees who worked overtime but did not receive compensation for those hours from the Defendant who were, are, or will be employed by the Defendant during the applicable statute of limitations prior to the date of commencement of this action through the date of judgment of this action, and who have not been properly compensated as described above. Plaintiff and potential opt-in plaintiffs are putative members of the collective action on whose behalf all claims alleging violations of the FLSA are brought.

27. A claim for relief for violations under the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) for all claims asserted by Plaintiff because the claims of Plaintiff are similar to the claims of the putative members of the Collective Action.

28. Potential opt-in members of the Collective Action are similarly situated. They have substantially similar pay provisions, and are subject to a common practice, policy or plan that deprives them of their lawful wages.

29. Plaintiff, and all others similarly situated, was subject to a company-wide policy that purposefully, or alternatively, negligently deprived him of wages for the applicable time under the statute of limitations.

30. Plaintiff will fairly and adequately represent and protect the interests of the members of the collective action. Plaintiff has retained counsel competent and experienced in FLSA and employment law litigation.

31. The names and addresses of the putative Collective members are available from the Defendant. To the extent required by law, notice will be provided to the prospective collective action members via first class mail and/or by use of techniques in a form of notice that has been used customarily in Collective actions, subject to Court approval.

32. Plaintiff brings this action on behalf of himself and the following proposed Collective Action of all similarly-situated employees: FLSA-exempt employees who were not paid a true salary and who are thus non-exempt, hourly employees who worked overtime but did not receive compensation for those hours from the Defendant during the applicable statute of limitations.

33. The FLSA-exempt employee who were not paid a true salary are thus non-exempt, hourly employees who worked overtime but did not receive compensation for those hours from the Defendant have been subject to the unlawful practices alleged herein and, therefore, are similarly situated to the Plaintiff and potential opt-in plaintiffs of the Collective Action because the Defendant has applied the same unlawful denial of their overtime in violation of the FLSA.

34. Per the FLSA, Plaintiff and potential opt-in plaintiffs of the Collective Action seek all available damages including but not limited to lost wages, liquidated damages, attorneys' fees, punitive damages, costs, and all other relief requested.

35. The claims of the Plaintiff are similar to those of the potential opt-in plaintiffs, in that Plaintiff have been subjected to the same conduct as the potential opt-in plaintiffs of the Collective Action, and Plaintiff's claims are based on the same legal theory as that of the potential opt-in plaintiffs.

36. While the exact number of potential opt-in plaintiffs is unknown to Plaintiff at the present, based on information and belief, there are potentially greater than 36 such members. Thus, a collective action is the most efficient mechanism for resolution of the claims.

37. Plaintiff's' FLSA claims are maintainable as a Collective Action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, on behalf himself and all putative members of the proposed Collective Action, prays for relief as follows:

i. Designation of this action as a collective action on behalf of the proposed FLSA collective plaintiffs asserting FLSA claims and prompt issuance of the notice pursuant to 29 U.S.C. 216(b) to all similarly situated members of the FLSA opt-in action, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b), and a tolling of the statute of limitations on the FLSA collective action plaintiffs'

claims until the FLSA potential opt-in plaintiffs are provided with a reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt-in as plaintiffs;

ii. Designation of Plaintiff as representative of the FLSA Collective Action;

iii. An award of damages, including lost wages, liquidated and exemplary damages, and waiting time penalties and other statutory penalties;

iv. That Plaintiff and others similarly situated, be granted judgment against Defendant for all costs of this action, including expert fees and reasonable attorneys' fees, costs, disbursements, and interests;

v. Pre-judgment and post-judgment interest as provided by law;

vi. For such other and further legal and equitable relief as this Court deems necessary, proper, and just.

## COUNT II: INDIVIDUAL FLSA CLAIMS

38. The Plaintiff hereby incorporates Paragraphs 1-15 in this Count as though fully set forth herein.

39. Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with Defendant and did work in excess of forty hours per week.

40. Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked the Named Plaintiff in excess of 40 hours per week.

41. Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

42. Defendant was Plaintiff's "employer" and is liable for violations of the FLSA in this case.

43. Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half of his regular rate for all hours worked over 40 per week.

44. Defendant has willfully violated the FLSA in refusing to pay the Plaintiff proper overtime for all hours worked by him over 40 per week.

45. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

46. Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT III – FLSA RETALIATION

47. Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

48. At all material times, Plaintiff was an employee and Defendant was his employer, and a covered employer under the FLSA.

49. Plaintiff believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was violating the FLSA by not paying him overtime wages.

50. On or about June 9, 2022 and August 19, 2022, the Plaintiff sent the Defendant a written demand for proper pay in accordance with the FLSA.

Thereafter, Plaintiff made several verbal complaints about the same, including in the days and weeks just prior to his termination on September 30, 2022.

51. Defendant was aware of Plaintiff's objection to Defendant's violations of the FLSA.

52. Defendant subjected Plaintiff to adverse employment action by terminating Plaintiff.

53. Defendant, in subjecting Plaintiff to adverse employment action, retaliated and discriminated against him because of complaints, objections and concerns raised by him to Defendant.

54. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, Plaintiff has lost the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

55. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

   i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii.    Liquidated damages;

    iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

    v.    Reasonable attorney's fees plus costs;

    vi.    Compensatory damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## COUNT IV – UNPAID WAGES

56. The Plaintiff realleges and incorporates Paragraphs 1-15 in this Count by reference.

57. As part of his employment with the Defendant, the Plaintiff agreed to be compensated through the receipt of commissions his sales team made.

58. Based upon the number of sales Plaintiff's team made, and pursuant to the agreement between Plaintiff and the Defendant, the Defendant was due to pay him $2,502.58, but the Defendant has failed to do so.

59. Plaintiff fully and satisfactorily performed his duties.

60. The Defendant has failed to pay Plaintiff his proper wages due pursuant to the terms of his employment.

61. Plaintiff has been damaged as a result of the Defendant's breach of the contract.

62. This Count is timely brought and all conditions precedent have occurred or been waived.

WHEREFORE the Plaintiff prays that this Honorable Court enter a Judgment in his favor and against Defendant for an amount consistent with evidence, together with the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff and potential opt-in plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: November 21, 2022     **s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com