UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL PICKETT,

    Plaintiff,

v.                              Case No.: 2:22-cv-00736-JES-KCD

ACCUTEK PACKAGING EQUIPMENT
COMPANY, INC.,

    Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT**

Defendant, ACCUTEK PACKAGING EQUIPMENT COMPANY, INC., and Plaintiff, MICHAEL PICKETT, by and through their undersigned counsel, respectfully request that the Court approve the settlement between Plaintiff and Defendant of Plaintiff's claims for overtime compensation under the FLSA asserted in Counts I and II, which represents a fair and reasonable resolution of a bona fide dispute over the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201–219, recognize the resolution of Plaintiff's remaining claims through a separate confidential settlement agreement, and dismiss this case with prejudice. The grounds for this motion are set forth more fully in the following memorandum of law.

**MEMORANDUM OF LAW**

**I. Background Facts**

On November 21, 2022, Plaintiff filed a Collective Action Complaint ("Complaint") against Defendant. (Dkt. No. 1). Plaintiff's Complaint purports to set

forth three counts under the Fair Labor Standards Act ("FLSA"), (Dkt. No. 1 ¶¶ 16-55), as well as one count alleging unpaid wages under unspecified Florida law, (id. at ¶¶ 56-62). More specifically, Plaintiff claims he and other, similarly-situated employees of Defendant were misclassified as exempt from the overtime requirements of the FLSA and consequently not paid overtime compensation pursuant to that statute. (Id. at ¶¶ 16-46).[1] Plaintiff also alleges that Defendant retaliated against him for complaining about purported violations of the FLSA and failed to pay him commissions he contends he was owed during his employment. (Id. ¶¶ 47-62). After the Court granted an unopposed Motion to Set Aside Default, Defendant filed an Answer and Defenses to Plaintiff's Complaint on April 4, 2023. (Dkt. No. 16).

On March 24, 2023, the Court entered an FLSA Fast-Track Scheduling Order, (Dkt. No. 15; Scheduling Order), which required the parties to exchange certain information and complete a mediation no later than July 24, 2023. In compliance with the Scheduling Order, the parties exchanged information and participated in an in-person mediation at the offices of Defendant's counsel on July 14, 2023. At the mediation, the parties engaged in settlement discussions, with the assistance of the mediator, regarding Plaintiff's claims. Based on the information gathered during those settlement discussions and through the parties' separate investigations, the parties disagree on Plaintiff's entitlement to overtime compensation as alleged in the

---

[1] Although Plaintiff initially alleged the existence of a class of individuals for which he sought a collective action, he did not file a motion to conditionally certify a collective action, nor did his counsel file any notices of consent to join by potential opt-in Plaintiffs, prior to the mediation in this case and the settlement of Plaintiff's claims.

Complaint and, if he were entitled to overtime compensation, the extent of the purported damages. The parties also disagree regarding Plaintiff's allegations of retaliation and unpaid wages under Florida law, as well as Defendant's defenses to that claim. After negotiating at arm's length during the mediation, the parties reached an agreement on terms to completely resolve this matter. Through continued negotiations between counsel for Plaintiff and counsel for Defendant, the parties ultimately finalized and reached full agreement on all of the terms of this settlement. Specifically, the parties agreed to resolve Plaintiff's overtime claims alleged in Counts I and II of the Complaint pursuant to the terms contained in the Settlement Agreement ("Settlement Agreement") attached to this Joint Motion as Exhibit A.

The parties also agreed to resolve Plaintiff's remaining claims asserted in Counts III and IV pursuant to terms contained in a confidential settlement agreement. The parties respectfully submit that the confidential settlement agreement need not be reviewed by the Court for purposes of approving the resolution of Plaintiff's claims for overtime compensation under the FLSA. See Malca v. Bay to Bay Shradha, Inc., Case No. 8:21-cv-0053-CEH-SPF, 2021 WL 5428815, at * 1 n.1 (M.D. Fla. Nov. 17, 2021) (citing numerous cases); Yost v. Wyndham Vacation Resorts, Inc., No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (M. D. Fla. Mar. 26, 2012) report and recommendation adopted, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012)

The Settlement Agreement provides, *inter alia*, that Plaintiff be paid $2,000.00, paid as back wages, as well as $2,000.00 as liquidated damages, with a payment of $1,250.00 to Plaintiff's counsel as attorney's fees. Although Plaintiff contends that he

cannot calculate his alleged damages without further documents, Plaintiff contends in his Amended Responses to the Court's Interrogatories, (Dkt. No. 20; Amended Responses), that he was misclassified as exempt and worked approximately ten hours of overtime each week for which he was not compensated. Defendant denies that Plaintiff was misclassified as exempt, worked the overtime hours alleged in his Amended Responses, or that Plaintiff is entitled to compensation for such hours.

The Settlement Agreement between the parties reflects the risks and uncertainty associated with litigation. The Settlement Agreement contains every term and condition agreed to between the parties with regard to Plaintiff's claims for overtime compensation alleged in Counts I and II, including attorney's fees and costs. The Settlement Agreement attached as Exhibit A does not contain a confidentiality provision, general release, or a non-disparagement clause. Although there is an additional confidential settlement agreement between the parties, it is supported by separate consideration and relates to the resolution of Plaintiff's remaining claims of FLSA retaliation and unpaid wages under Florida law, which do not require judicial review or approval. See Malca, 2021 WL 5428815, at * 1 n.1; Yost, 2012 WL 1165598, at *3. Furthermore, in entering into the Settlement Agreement, Plaintiff acknowledged that he is not releasing or waiving any future claims. The settlement of this case, including Plaintiff's claims for overtime compensation alleged in Counts I and II of the Complaint, has been reached after considerable discussion, analysis, consideration, and negotiation by the parties and their counsel, as well as the assistance of the mediator.

4

## II.   Request for Settlement Approval as it Related to Plaintiff's Overtime Claims

Section 16(b) of the FLSA permits employees to settle and release FLSA claims against an employer if the parties present the trial court with a proposed settlement and the trial court enters an order approving the fairness of the settlement. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1354-55 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351-52 (11th Cir. 2009); Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009). The purpose of the evaluation is to ensure that the compromise is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1354-55; Bonetti, 715 F. Supp. 2d at 1226. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Lynn's Food Stores, 679 F.2d at 1354; see also Bonetti, 715 F. Supp. 2d at 1226.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

Pessoa v. Countrywide Home Loans, Inc., 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at **2-3 (M.D. Fla. Apr. 2, 2007); Hamilton v. Frito-Lay, Inc., 6:05-cv-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007); see also Hill v. Florida Indus.

Elec., Inc., 6:06-cv-915-ORL-31JGG, 2007 WL 486615, at *3 (M.D. Fla. Feb. 9, 2007); Pacheco v. JHM Enterprises, Inc., et al., No. 6:05-cv-1247-Orl-JGG, 2006 WL 948058, at *4 (M.D. Fla. Apr. 12, 2006). There is a "strong presumption" in favor of finding a settlement fair. See Hamilton, 2007 WL 328792, at *2; see also Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977). Indeed, at least one judge has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" Bonetti, 715 F. Supp. 2d at 1227.

In this case, as evidenced by the foregoing recitation of the procedural history and background facts, the proposed settlement of this action is a fair and reasonable resolution of a bona fide dispute. First, there is a legitimate controversy between the parties. Plaintiff believes that his claims for overtime compensation, as well as related allegations and contentions asserted in the Complaint, have merit. Defendant, however, denies Plaintiff's allegations and has asserted defenses to Plaintiff's claims for overtime compensation. Nonetheless, as the parties and their counsel recognize the expense, disruption, risk, uncertainty, and difficulties inherent in litigation, they have decided to resolve this matter in recognition that "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" Pessoa, 2007 WL 1017577, at *3.

Additionally, throughout this litigation, Plaintiff has been represented by counsel. Plaintiff's counsel has an obligation to vigorously represent his client's rights,

6

and he did so in this case. There is no evidence of fraud or collusion. Indeed, Plaintiff and his counsel believe that the consideration provided under the agreement fairly and adequately compensates Plaintiff for his claims of alleged unpaid overtime compensation. Furthermore, Plaintiff knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after considerable and extensive discussion, analysis, consideration, and negotiation by Plaintiff, Defendant, and their respective counsel before a mediator at a Court-ordered mediation. Before deciding to enter into this settlement, the parties and their counsel, discussed the alleged wages owed, the nature of Plaintiff's employment with Defendant, and the risks and uncertainty associated with litigation. The parties then engaged in settlement discussions based upon their independent calculations, analysis, and respective positions. At the conclusion of those discussions, the parties ultimately reached an agreement as to all claims brought by Plaintiff, including the claims for overtime compensation alleged in Counts I and II and subject to the Settlement Agreement.

If the Court does not approve this settlement, both parties would be forced to engage in complex, costly, and protracted litigation in order to meet their respective burdens in this case. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. Thus, for all of the foregoing reasons, this settlement is a fair and reasonable resolution of a bona fide dispute over the terms of the FLSA. See Pessoa, 2007 WL 1017577, at *4. Accordingly, the parties respectfully request that the Court approve this settlement as it relates to Plaintiff's claims for overtime compensation under the FLSA alleged in Counts I and II of the Complaint,

7

which gives it final and binding effect, recognize the parties' resolution of Plaintiff's remaining claims asserted in Counts III and IV through a separate confidential settlement agreement, and dismiss this case with prejudice.

### III. Conclusion

WHEREFORE, the parties jointly request that the Court approve the settlement of the parties as it relates to Plaintiff's claims for overtime compensation under the FLSA asserted in Counts I and II of the Complaint, which represents a fair and reasonable resolution of a bona fide dispute over the provisions of the FLSA, recognize the parties' resolution of Plaintiff's remaining claims asserted in Counts III and IV of the Complaint through a separate confidential settlement agreement, and dismiss this action with prejudice.

Dated this 1st day of August, 2023.

Respectfully submitted,

| | |
|---|---|
| *s/ Benjamin H. Yormak* | */s/Benjamin W. Bard* |
| Benjamin H. Yormak, Esq. | GREGORY A. HEARING |
| Florida Bar No. 71272 | Florida Bar No.: 817790 |
| YORMAK EMPLOYMENT & DISABILITY LAW | gregory.hearing@gray-robinson.com |
| | BENJAMIN W. BARD |
| 27200 Riverview Center Blvd. | Florida Bar No.: 95514 |
| Suite 109 | benjamin.bard@gray-robinson.com |
| Bonita Springs, Florida 34134 | GRAYROBINSON, P.A. |
| P: (239) 985-9691 | 401 E. Jackson Street, Suite 2700 |
| F: (239) 288-2534 | P.O. Box 3324 (33601-3324) |
| byormak@yormaklaw.com | Tampa, Florida 33602 |
| | TEL: (813) 273-5000 |
| Attorney for Plaintiff | FAX: (813) 273-5145 |
| | Attorneys for Defendant |