UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL PICKETT,

    Plaintiff,

v.                                   Case No.:   2:22-cv-736-JES-KCD

ACCUTEK PACKAGING
EQUIPMENT COMPANY,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Before the Court is the parties' Joint Motion to Approve Settlement. (Doc. 25.)[1] For the reasons below, the motion should be granted and the case dismissed.

## I. Background

Plaintiff Michael Pickett worked as regional sales manager for Defendant Accutek Packaging Equipment Company. (Doc. 1 at 2.) Following his separation, Pickett brought this suit under the Fair Labor Standards Act. He claims that Accutek failed to pay him overtime, retaliated against his complaints, and miscalculated his commission pay. The complaint seeks unpaid wages plus liquidated damages and attorneys' fees. (Doc. 1.)[2]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[2] Pickett brought this case as a collective action. But no other plaintiffs have joined the

Accutek denies it violated the FLSA. (Doc. 16.) The pleadings also raise several affirmative defenses that would otherwise limit (or preclude) Pickett's claims. (*Id.* at 12-19.)

The parties now move the Court to approve their settlement. They explain that several issues were disputed, litigating the case would be expensive and time consuming, and a bona fide dispute existed that led both sides to conciliation. (*See* Doc. 25.) Thus, according to the parties, the settlement is a reasonable and fair compromise. As for specifics, Accutek will pay Pickett $2,000.00 as back wages, $2,000.00 as liquidated damages, and $1,250.00 for attorneys' fees and costs. (*Id.* at 3.)

## II. Legal Standard

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). If an FLSA violation is shown, the employer must generally pay the damaged employee unpaid wages, an equal amount as liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 216(b).

---

dispute, and the settlement agreement resolves only Pickett's claims. Any request for collective relief has thus been abandoned.

2

After the Eleventh Circuit decided *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), courts in this district have taken the view that "suits to recover back wages under the FLSA may be settled only with the approval of the district court." *Flood v. First Fam. Ins., Inc.*, 514 F. Supp. 3d 1384, 1386 (M.D. Fla. 2021). Under *Lynn's Food* and its progeny, the parties to an FLSA settlement must present their agreement for a fairness evaluation. If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g.*, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013).

There is no standard test or benchmark to measure a settlement's fairness. Courts instead look to several factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. SouthTrust Bank of Ala. Nat. Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that the parties reached a fair agreement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

### III. Discussion

Based on the parties' representations and a review of their agreement (Doc. 25-1), the proposed settlement appears to be a fair and reasonable compromise of a disputed claim. Pickett was represented by experienced counsel who had sufficient time and information to evaluate the potential risks and benefits of settlement. Pickett also attests that he signed the agreement knowingly and voluntarily. While denying liability, and raising the specter of several defenses, Accutek has agreed to pay a substantial sum of money to resolve Pickett's overtime claims. (*See* Doc. 25 at 3.)

There is no stated or apparent collusion. Without a settlement, the parties would have to continue discovery, engage in dispositive motion practice, and possibly proceed to trial, and Pickett would risk receiving nothing. Boiled down, the parties and counsel believe this is a reasonable settlement. (Doc. 25 at 7.)

As for attorneys' fees and costs, they appear reasonable considering the resolution reached and time expended. Further, given both parties are represented by experienced counsel who have reported no collusion, further inquiry on this issue is unneeded. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The settlement agreement contains a limited release (Doc. 25-1 at 2), which is appropriate in these circumstances. *Moreno v. Regions Bank*, 729 F.

4

Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). Further, there are no other terms that courts have flagged as unenforceable, such as a confidentiality provision, *see, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010), a non-disparagement clause, s*ee, e.g.*, *Loven v. Occoquan Grp. Baldwin Park Corp.*, No. 6:14-CV-328-ORL-41, 2014 WL 4639448, at *3 (M.D. Fla. Sept. 16, 2014), or a no-reemployment provision, *see, e.g.*, *Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 WLS, 2013 WL 5933991, at *5 (M.D. Ga. Nov. 1, 2013).

The parties do report that they executed another settlement agreement that resolves Pickett's retaliation and unpaid wages claim under Florida law. This separate agreement does not alter the analysis above, nor does it require judicial review or approval. "Because the parties settled the non-FLSA claims separately and that settlement does not appear to have affected the settlement terms of the FLSA claim, consideration of the separate settlement is unnecessary." *Haywood v. Fla. Beverage Corp.*, No. 6:22-CV-584-PGB-RMN, 2023 WL 3975332, at *3 (M.D. Fla. Apr. 4, 2023); *see also Malca v. Bay To Bay Shradha, Inc.*, No. 8:21-CV-0053-CEH-SPF, 2021 WL 5428815, at *2 n.1 (M.D. Fla. Nov. 17, 2021); *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012).

Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT** the parties' Motion to Approve Settlement (Doc. 25);
2. Dismiss the case with prejudice; and

5

3.  Direct the Clerk to enter judgment and close the case.

**ENTERED** in Fort Myers, Florida on August 2, 2023.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge


Copies:   All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.